**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NINTENDO OF AMERICA INC.,

Plaintiff,

v.

THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 26-cv-10730

**Judge Manish S. Shah**

**Magistrate Judge Jeannice W. Appenteng**

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Nintendo of America Inc. ("Plaintiff" or "NOA") is requesting entry of an order for expedited discovery regarding the defendants identified in Schedule A [2] to the Complaint ("Defendants").

As alleged in Plaintiff's Complaint, Defendants are individuals and/or business entities of unknown makeup who own and/or operate e-commerce stores under at least the seller aliases identified in Schedule A [2] (the "Seller Alias") and/or other seller aliases not yet known to Plaintiff. [1] at ¶ 20. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars from U.S. consumers and have sold unauthorized and unlicensed products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "NINTENDO Trademarks") and unauthorized copies of Plaintiff's federally registered copyrighted works (the "Nintendo Copyrighted Works") to residents of Illinois. [1] at ¶ 24. *See* [16].

Fed. R. Civ. P. 26(d) allows for discovery before the parties have conferred when authorized by a court order. Fed. R. Civ. P. 26(d). The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). District Courts may "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Since Defendants are likely to decline to participate in these proceedings, expedited discovery is necessary to learn about Defendants, Defendants' identities, the nature of Defendants' operations, and all associated sales. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished). Specifically, expedited discovery is necessary to learn all known contact information, including all physical and e-mail addresses associated with Defendants so that Plaintiff can effectuate service of process and provide notice of the proceedings. Plaintiff will either move for electronic service of process or otherwise serve Defendants after evaluating the physical addresses provided by third parties for each Defendant. *See Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co*., 177 F.4th 793, 801 (7th Cir. 2026) (finding that the Hague Convention does not apply if defendant's address is not known pursuant to Article 1 of the Hague Convention).

Accordingly, Plaintiff respectfully requests that this Court enter an order for expedited discovery, in the form submitted herewith.

Dated this 14th day of September 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Justin T. Joseph
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiff Nintendo of America Inc.*

.